# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

JOHN CUSUMANO and )
MARY JANE CUSUMANO, )
                 )
         Plaintiffs, )
                 )
    v. )           Case No. 4:17-cv-2453 PLC
                 )
BANKERS STANDARD INSURANCE CO., )
SMITH McGEHEE, LLC, and )
JASON R. SPARKS, )
                 )
         Defendants. )

## MEMORANDUM and ORDER

This matter is before the Court on Plaintiffs' motion to remand [ECF No. 15], Plaintiffs' motion to withdraw Plaintiffs' motion to remand and first amended complaint [ECF No. 21], Plaintiffs' motion for voluntary dismissal without prejudice of Defendants Smith McGehee, LLC and Jason R. Sparks [ECF No. 22], and a motion for leave to file first amended answer to original petition filed by Defendant Bankers Standard Insurance Company ("Bankers") [ECF No. 24].[1]

Plaintiffs originally filed their three-count petition [ECF No. 6] in the Circuit Court of St. Louis County, Missouri. See Cusumano v. Bankers Standard Ins. Co.¸ Case No. 17SL-CC03060 (St. Louis Cty. Cir. Ct. filed Aug. 22, 2017) (docket sheet available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Dec. 4, 2017)).  In the

---

[1] Plaintiffs and Defendant Bankers consented to the undersigned's exercise of authority under 28 U.S.C. Section 636(c).

original petition, Plaintiff John Cusumano alleges he sustained injuries[2] when "an underinsured driver" of a sports utility vehicle negligently struck Plaintiff while he "was riding a bicycle in a designated crosswalk at [an] intersection" in Naples, Florida on February 28, 2016.[3] With prior notice to and consent of Defendant Bankers, Plaintiff John Cusumano received the policy limits[4] from the "underinsured driver's" liability insurance policy[5] and two insurance policies providing underinsured motorist coverage issued to Plaintiffs, one issued by GEICO Indemnity Insurance Company ("GEICO") and one issued by Defendant Bankers.[6] Plaintiff John Cusumano further alleges he unsuccessfully sought payment from Defendant Bankers under an umbrella policy Defendant Bankers issued that allegedly provides $1,000,000.00 in underinsured motorist coverage.[7] Due to Defendant Bankers' failure to pay under its umbrella policy, Plaintiff John Cusumano seeks monetary relief for Defendant Bankers' breach of contract (Count I) and vexatious refusal to pay (Count II), and his wife, Plaintiff Mary

---

[2] Plaintiffs describe Plaintiff John Cusumano's injuries and damages as: "severe and irreversible . . . , including but not limited to a blowout facial fracture, total reverse shoulder arthroplasty of right shoulder, and intense bilateral shoulder pain and weakness." Pls.' Original Pet'n ¶ 7 [ECF No. 6].

[3] Pls.' Original Pet'n ¶ 5 [ECF No. 6].

[4] Pls.' Original Pet'n ¶¶ 16, 17, and 18 [ECF No. 6].

[5] The underinsured driver's liability insurance policy had a "per person" limit of $250,000.00. Pls.' Original Pet'n ¶ 10 [ECF No. 6].

[6] Plaintiff's two insurance policies had a "per occurrence" limit for underinsured motorist coverage of $50,000.00 (the GEICO policy) and $25,000.00 (Defendant's policy). Pls.' Original Pet'n ¶¶ 11-13 [ECF No. 6].

[7] Compare Pls.' Original Pet'n ¶ 14 [ECF No. 6] (Defendant's "umbrella insurance . . . provided underinsured motorist coverage, Policy number 268-05-08-79U") with Pls.' Original Pet'n ¶ 15 [ECF No. 6] (Defendant's "Umbrella Policy provided uninsured motorist coverage with $1,000,000 per occurrence in coverage limit). Defendant Bankers' Umbrella Policy is not available of record but the Court understands this case focuses on that policy's underinsured coverage provision having a $1,000,000.00 limit. See, e.g., Pls.' Original Pet'n ¶ 28 ("On or about June 22, 2017, Plaintiff [John Cusumano] made a formal written demand upon [Defendant Bankers] for settlement of Plaintiff[ John Cusumano]'s claim in the amount of the applicable underinsured umbrella policy limit"); Def. Bankers' Notice of Removal ¶ 4 ("Plaintiffs are seeking payment of the $1,000,000.00 underinsured motorist coverage limit set forth in an umbrella insurance policy issued by" Defendant Bankers).

Cusumano, seeks monetary relief for loss of consortium as a "result of the injuries suffered by" Plaintiff John Cusumano (Count III).[8]

Defendant Bankers removed the lawsuit to this Court on the basis of this Court's original diversity jurisdiction [ECF No. 1]. 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1332. On September 21, 2017, Defendant Bankers filed its answer to Plaintiffs' original petition [ECF No. 5]. Within twenty-one days after Defendant Bankers answered the original petition, Plaintiffs filed a first amended complaint [ECF No. 12]. See Fed. R. Civ. P. 15(a)(1)(B) (allowing a litigant to "amend its pleading once as a matter of course within" twenty-one days "after service of a responsive pleading" if the amended pleading is "one to which a responsive pleading is required"). In their first amended complaint Plaintiffs named three Defendants, Defendant Bankers and two others: Smith McGehee, LLC, a company who "hires and/or oversees agents and/or brokers in the insurance industry," and Jason R. Sparks, a "licensed insurance broker."[9] In addition to the first three counts that are the same as the three counts in Plaintiffs' original petition, Plaintiff John Cusumano added two claims for negligence (Count IV) and breach of fiduciary duty (Count V) against the two new Defendants.[10] None of the three Defendants named in the first amended complaint have filed an answer or motion for summary judgment directed to the first amended complaint.

Plaintiffs filed (1) a motion to remand [ECF No. 15], followed by a request that the Court allow Plaintiffs to withdraw their motion to remand and first amended complaint [ECF No. 21]. Plaintiffs also filed a voluntary dismissal without prejudice of "all claims and causes

---

[8] Pls.' Original Pet'n at 6 [ECF No. 6].

[9] Pl.'s First Am. Compl. ¶¶ 4 and 5 [ECF No. 12].

[10] Pl.'s First Am. Compl. at 9-12 [ECF No. 12].

of action asserted" against each of the two new Defendants, "with each party to bear their own attorneys' fees and costs" [ECF No. 22]. Additionally, Plaintiffs and Defendant Bankers filed a "joint stipulation" regarding issues pertaining to Plaintiffs' maintenance of the amount of underlying insurance required by Defendant Bankers' umbrella policy [ECF No. 20].

The Court finds Plaintiffs' voluntary dismissal of their claims and causes of action against the two new Defendants, Smith McGehee, LLC and Jason R. Sparks, does not require a Court order because no Defendant has filed an answer or motion for summary judgment directed to the first amended complaint. Fed. R. Civ. P. 41(a)(1)(A)(i). Additionally, upon Plaintiffs' dismissal of the claims and causes of action against Defendants Smith McGehee, LLC and Jason R. Sparks, the only claims and causes of actions remaining are Plaintiffs' three claims for breach of contract, vexatious refusal to pay, and loss of consortium against Defendant Bankers. Those three claims are presented in the original petition, which is pursued against Defendant Bankers only and to which Defendant Bankers filed an answer. To clarify the record upon the dismissal of the claims and causes of action against Smith McGehee, LLC and Jason R. Sparks, the Court will allow Plaintiffs to withdraw their first amended complaint and motion to remand.

Under the circumstances, the claims and causes of action now pending are the three claims and causes of action for breach of contract, vexatious refusal to pay, and loss of consortium set forth in Plaintiffs' original petition against Defendant Bankers only. Defendant Bankers moves for leave to file a first amended answer to the original petition [ECF No. 24]. Defendant Bankers asserts it seeks "to amend its Affirmative Defenses in accordance with the joint stipulation . . . reached between the parties." Id. Specifically, Defendant Bankers seeks leave to file the first amended answer that is now available of record [ECF No. 24-1].

Plaintiffs' counsel, Defendant Bankers states, consents to the filing of the amended answer "and in fact . . . specifically requested that Defendant [Bankers] do so."[11]  The Court grants Defendant Bankers leave to file the amended answer that is now available of record. Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to withdraw their motion to remand and first amended complaint [ECF No. 21] is **GRANTED** so that Plaintiffs' motion to remand [ECF No. 15] and first amended complaint [ECF No. 12] are no longer before the Court.

**IT IS FURTHER ORDERED** that Defendant Bankers' motion for leave to file its first amended answer to the original petition [ECF No. 24] is **GRANTED** so that the first amended answer now available at ECF No. 24-1 is filed.

In accordance with Plaintiffs' voluntary dismissal without prejudice [ECF No. 22] and withdrawal of their first amended complaint, no claims or causes of action remain pending against Defendants Smith McGehee, LLC and Jason R. Sparks.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of December, 2017

---

[11]  Def. Bankers' mot. leave file first am. answer ¶ 4 [ECF No. 24].